EDWARD R. REINES (Bar No. 135960)
edward.reines@weil.com
DEREK C. WALTER (Bar No. 246322)
derek.walter@weil.com
MICHELE A. GAUGER (Bar No. 281769)
michele.gauger@weil.com
ANANT N. PRADHAN (Bar No. 287227)
anant.pradhan@weil.com
WEIL, GOTSHAL & MANGES LLP
Silicon Valley Office
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Plaintiffs
ILLUMINA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ILLUMINA, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARIOSA DIAGNOSTICS, INC., and ROCHE MOLECULAR SYSTEMS, INC., <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

Plaintiff Illumina, Inc. ("Illumina") for their complaint against Defendants Ariosa Diagnostics, Inc. ("Ariosa") and Roche Molecular Systems, Inc. ("Roche"), allege as follows:

## NATURE OF THIS ACTION

1. This action arises under 28 U.S.C. §§ 1331 and the United States Patent Act, 35 U.S.C. § 100 *et seq*.

2. Illumina brings this action to halt Defendant's infringement of Illumina's rights under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

## PARTIES

3. Illumina is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 5200 Illumina Way, San Diego, California, 92122. Illumina is the owner of U.S. Patent No. 7,955,794 ("the '794 patent").

4. Illumina is a leading developer, manufacturer, and marketer of life science tools and integrated systems for large-scale analysis of genetic variation and function. Through its sequencing and array-based solutions, Illumina has revolutionized DNA analysis. Most recently, Illumina achieved a significant milestone in medical progress through the launch of sequencing technology capable of pushing the cost of sequencing the human genome down to $1000.

5. On information and belief, Roche is a company organized and existing under the laws of Delaware, with its principal place of business at 4300 Hacienda Drive, Pleasanton, CA 94588.

6. On information and belief, Ariosa is a company organized and existing under the laws of Delaware, with its principal place of business at 5945 Optical Court, San Jose, California 95138. Ariosa is a wholly-owned subsidiary of Roche.

7. Defendants have, and have had, continuous and systematic contacts with the State of California, including this District. On information and belief, residents of this District have used services sold by or from Defendants.

**COMPLAINT
DEMAND FOR JURY TRIAL**                                             2

## JURISDICTION AND VENUE

8. This action arises under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq*. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because this is a civil action arising under the Patent Act.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to Illumina's claim occurred in this District and because Defendants are subject to personal jurisdiction in this District.

## INTRA-DISTRICT ASSIGNMENT

10. Pursuant to Civil Local Rules 3-5(b) and 3-2(c), because this action is an intellectual property action, it is properly assigned to any of the divisions in this District.

## BACKGROUND

11. In or around May 2012, Ariosa began selling and offering to sell a commercial non-invasive prenatal test for Down syndrome, which it refers to by the trade name Harmony™ Prenatal Test.

12. Technical literature describing the technology underlying the Harmony™ Prenatal Test explained that the method involved *inter alia* a multiplexing method for detecting target sequences using massively parallel sequencing. *See, e.g.*, Sparks, A.B., Struble, C.A., Wang, E.T., Song, K., Oliphant, A., Non-invasive Prenatal Detection and Selective Analysis of Cell-free DNA Obtained from Maternal Blood: Evaluation for Trisomy 21 and Trisomy 18, *Am. J. Obstet. Gynecol.* (2012). Ariosa's publication referred to this multiplexing method as "DANSR™."

13. On April 25, 2014, Illumina filed a complaint in this district alleging that Ariosa's Harmony™ Prenatal test infringed the '794 patent. *See Illumina, Inc. v. Ariosa Diagnostics, Inc.*, No. 14-cv-14921 (N.D. Cal. filed April 25, 2014). This action is still pending in this district.

14. Sometime prior to September 2014, Ariosa began developing a new version of its Harmony™ Prenatal Test based on the use of microarrays rather than massively parallel sequencing. In September 2014, an Ariosa publication appeared describing this test. *See*

1 Juneau, et al., Microarray-Based Cell-Free DNA Analysis Improves Noninvasive Prenatal
2 Testing, *Fetal Diagnosis and Therapy* (2014) (attached hereto as Exhibit A) ("Juneau et al.").

3        15.     On November 27, 2014, a patent application assigned to Ariosa published
4 as U.S. Patent Publication 2014/0349859 (attached hereto as Exhibit B) ("the 859 Pub").

5        16.     Upon information and belief, the analysis described in paragraphs [0195] to
6 [0198] of the '859 Pub is the same analysis that is described in the Juneau et al. paper.

7        17.     Upon information and belief, the method described in the examples of the
8 '859 Pub at paragraphs [0195] to [0198] is the same as the method described in Juneau et al.

9        18.     Upon information and belief, the analyses at paragraphs [0195] to [0198]
10 of the '859 Pub and Juneau et al. were performed on the same patient samples whose trisomy
11 status had been determined before the analyses were conducted. Paragraph [0195] of the '859
12 Pub describes analyzing 878 maternal venous samples with a classification of trisomy where 691
13 were disomic, 18 were trisomy 13, 37 were trisomy 18, and 132 were trisomy 21. The Methods
14 section of Juneau et al. at p. 2, col. 1 describes analyzing 878 maternal venous samples with a
15 classification of trisomy where 691 were disomic, 18 were trisomy 13, 37 were trisomy 18, and
16 132 were trisomy 21.

17        19.     The disclosure in paragraphs [0195] to [0198] of the '859 Pub was first
18 included in a patent application assigned to Ariosa in U.S. Patent Application 14/450,144 filed
19 Aug. 1, 2014. Juneau et al. describes that its manuscript was received on Aug. 4, 2014.

20        20.     Paragraph [0196] of the '859 Pub describes using sets of fixed sequence
21 oligonucleotides and bridging oligonucleotides corresponding to 864 genomic regions on
22 chromosomes 13, 18, and 21. Paragraph [0196] of the '859 Pub also describes using sets of fixed
23 sequence oligonucleotides and bridging oligonucleotides corresponding to 576 polymorphic sites
24 on chromosomes 1-12 to evaluate the fraction of fetal cell-free DNA in each sample. A portion
25 of ligation products from samples were amplified using universal primers, and the amplicons
26 were cleaved prior to hybridization to an array.

27        21.     Paragraph [0161] of the '859 Pub describes, among other techniques,
28 cleaving an amplicon created by a universal amplification process, and introducing the portion of

**COMPLAINT**
**DEMAND FOR JURY TRIAL**                  4

the cleavage product containing a capture region to the array for hybridization.

22. Paragraph [0013] of the '859 Pub describes using capture regions containing "engineered" sequences that serve as surrogates to identify specific target genomic regions.

23. Paragraph [0197] of the '859 Pub describes that custom DNA arrays were manufactured to quantify products of the DANSR assay, where each patient sample was assayed on a single custom DNA array.

24. Paragraph [0019] of the '859 Pub describes that quantification of the labels bound to capture probes on the array is the only type of readout used to estimate the levels or amounts of ligation products produced from each target genomic region,

25. Paragraph [0198] of the '859 Pub describes that the FORTE algorithm was used to assign risk scores. When analyzing data detected using a DNA array, the only readout used by the FORTE algorithm used in the example of paragraph [0198] of the '859 Pub is fluorescent intensity of the labels bound to capture probes on DNA arrays. Paragraph [0199] of the 859 Pub describes that, using the ligation assays and detection by hybridization, there was complete concordance between array-based risk scores and trisomy status.

26. Fig. 1 of Juneau et al. describes using sets of fixed sequence oligonucleotides and bridging oligonucleotides in the DANSR assay detected on a microarray. Juneau et al. describes on page 2, col. 1 that DANSR products were made from 864 assays on chromosomes 13, 18, and 21. Additionally, Juneau et al. describes on p. 2, col. 2 that 576 polymorphic assays were also used.

27. Fig. 1 describes that a portion of the amplified DANSR products were quantified using a microarray. Juneau et al. describes on p. 2, col. 2 that custom DNA arrays were manufactured to quantify a portion of the DANSR product from each sample, where each patient sample was assayed on a single custom DNA array.

28. Juneau et al. describes at p. 2, col. 2 that the FORTE algorithm was used to assign risk scores. Juneau et al. describes on p. 3, col. 1 that, using the ligation assays and detection by hybridization, there was complete agreement between array-based risk scores and

COMPLAINT
DEMAND FOR JURY TRIAL     5

trisomy status.

29. The version of the Harmony™ test described in paragraphs [0195] to [0198] of the '859 Pub continues to utilize the infringing DANSR™ technique, albeit with a microarray rather than massively parallel sequencing. In fact, the description of DANSR™ in Juneau et al. cites to and relies upon the description of DANSR in Ariosa's earlier publications. Based on the description of the microarray-based version of Harmony™ test that appears in the '859 Pub and Juneau et al., it is clear that Ariosa's microarray-based test infringes the '794 patent.

30. On December 2, 2014, Roche announced that it was acquiring Ariosa and thus "enter[ing] the non-invasive prenatal test (NIPT) and cell-free DNA testing service markets." Roche's press release is attached hereto as Exhibit E. In or around January 2015, the description of the Harmony™ test on Ariosa's website changed to describe only the microarray-based version of the Harmony™ test. *See, e.g.*, http://www.ariosadx.com/healthcare-professionals/technology/ ("Custom Microarray Quantifies DANSR Products with Speed and Accuracy.") (attached hereto as Exhibit C). On information and belief, Ariosa began offering the microarray-based version of the Harmony™ prenatal test to customers in or around January 2015. On information and belief, Defendants continue to sell, offer to sell, and use the microarray-based version of the Harmony™ Prenatal Test.

31. As described in Juneau et al. and the '859 Pub, the microarray-based version of the Harmony™ prenatal test utilizes microarrays from Affymetrix, Inc. ("Affymetrix"). Consistent with this, on October 16, 2014 Ariosa "announced the signing of a multi-year supply agreement covering Affymetrix arrays and instruments to be utilized as part of Arisoa's Harmony™ Non-Invasive Prenatal Test (NIPT)." Ariosa's press release regarding its supply agreement with Affymetrix is attached hereto as Exhibit D.

32. Upon Information and belief, the microarray-based version of the Harmony™ prenatal test currently used by Defendants operates using the same operating principles as the microarray-based method described in paragraphs [0195] to [0198] of the '859 Pub.

33. Upon information and belief, the microarray-based version of the

Case5:15-cv-02216-HRL Document1 Filed05/18/15 Page7 of 10

1  Harmony™ prenatal test currently used by Defendants operates as described in paragraph 18 of
2  this Complaint.

3        34. Upon information and belief, the microarray-based version of the
4  Harmony™ prenatal test currently used by Defendants operates as described in paragraph 20 of
5  this Complaint.

6        35. Upon information and belief, the microarray-based version of the
7  Harmony™ prenatal test currently used by Defendants operates as described in paragraph 21 of
8  this Complaint.

9        36. Upon information and belief, the microarray-based version of the
10 Harmony™ prenatal test currently used by Defendants operates as described in paragraph 22 of
11 this Complaint.

12       37. Upon information and belief, the microarray-based version of the
13 Harmony™ prenatal test currently used by Defendants operates as described in paragraph 23 of
14 this Complaint.

15       38. Upon information and belief, the microarray-based version of the
16 Harmony™ prenatal test currently used by Defendants operates as described in paragraph 24 of
17 this Complaint.

18       39. Upon information and belief, the microarray-based version of the
19 Harmony™ prenatal test currently used by Defendants operates as described in paragraph 25 of
20 this Complaint.

21       40. Upon Information and belief, the microarray-based version of the
22 Harmony™ prenatal test currently used by Defendants operates using the same operating
23 principles as the microarray-based test described in Juneau et al.

24       41. Upon information and belief, the microarray-based version of the
25 Harmony™ prenatal test currently used by Defendants operates as described in paragraph 26 of
26 this Complaint.

27       42. Upon information and belief, the microarray-based version of the
28 Harmony™ prenatal test currently used by Defendants operates as described in paragraph 27 of

1  this Complaint.

2  43. Upon information and belief, the microarray-based version of the
3  Harmony™ prenatal test currently used by Defendants operates as described in paragraph 28 of
4  this Complaint.

5  44. Illumina now brings this suit to halt Defendants' ongoing infringement of
6  the '794 patent by their microarray-based prenatal diagnostic test using the DANSR assay.

## COUNT I

### Infringement of U.S. Patent No. 7,955,794

9  45. Illumina re-alleges and incorporates by this reference the allegations
10 contained in paragraphs 1 through 43 above as relevant to this count.

11 46. On September 1, 2009, the United States Patent and Trademark Office duly
12 and legally issued the '794 patent, entitled "Multiplex Nucleic Acid Reactions."

13 47. Arnold Oliphant, John R. Steulpnagel, Mark S. Chee, Scott L. Butler, Jian-
14 Bing Fan, and Min-Jui Richard Shen, are the sole and true inventors of the '794 patent. By
15 operation of law and as a result of written assignment agreements, Illumina obtained the entire
16 right, title, and interest to and in the '794 patent.

17 48. On information and belief, Defendants have and continue to sell, offer to
18 sell, and use the microarray-based version of the Harmony™ Prenatal Test.

19 49. On information and belief, Defendants have and continues to directly,
20 indirectly, and or contributorily infringe, literally or by equivalence one or more claims of the
21 '794 patent.

22 50. On information and belief, Defendants' infringement has been willful and
23 deliberate since, at least, the date Ariosa employed or was affiliated with Arnold Oliphant and
24 John R. Steulpgnagel, named inventors of the '794 patent.

25 51. Defendants' infringement of the '794 patent has injured Illumina in its
26 business and property rights. Illumina is entitled to recovery of monetary damages for such
27 injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

28 52. Defendants' infringement of the '794 patent has caused irreparable harm to

**COMPLAINT
DEMAND FOR JURY TRIAL**                                            8

Illumina and will continue to cause such harm unless and until their infringing activities are enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Illumina prays for relief as follows:

    A.    Judgment that Defendants have infringed, induced others to infringe, and/or contributorily infringed the '794 patent;

    B.    An order permanently enjoining Defendants from further infringement of the '794 patent;

    C.    An award of damages pursuant to 35 U.S.C. § 284;

    D.    A declaration that Defendants' infringement was willful and deliberate, and an increase to the award of damages of three times the amount found or assessed by the Court, in accordance with 35 U.S.C. § 284.

    E.    An order for an accounting of damages from Defendants' infringement;

    F.    An award to Illumina of their costs and reasonable expenses to the fullest extent permitted by law;

    G.    A declaration that this case is exceptional pursuant to 35 U.S.C. § 285, and an award of attorneys' fees and costs; and

    H.    An award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Civil Local Rule 3-6(a), Illumina hereby demands a trial by jury on all issues so triable.

| | | |
|---|---|---|
| 1 | Dated:  May 18, 2015 | Respectfully submitted, |
| 2 | | WEIL, GOTSHAL & MANGES LLP |
| 3 | | Edward R. Reines |
| | | Derek C. Walter |
| 4 | | Michele A. Gauger |
| | | Anant N. Pradhan |

By:  */s/ Edward R. Reines*
Edward R. Reines
Attorneys for Plaintiff
ILLUMINA, INC.

**COMPLAINT**
**DEMAND FOR JURY TRIAL**                              10