1   IRELL & MANELLA LLP
    David I. Gindler (117824)
2   dgindler@irell.com
    Andrei Iancu (184973)
3   aiancu@irell.com
    Josh B. Gordon (244818)
4   josh.gordon@irell.com
5   1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276
6   Telephone:  (310) 277-1010
    Facsimile:   (310) 203-7199
7
8   Attorneys for Defendant
    Ariosa Diagnostics, Inc.
9

10                  UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13   ILLUMINA, INC.,                    Case No. 3:15-cv-02216-SI

14             Plaintiff,               **NOTICE OF MOTION AND MOTION TO
                                        DISMISS PURSUANT TO FEDERAL
15        vs.                           RULE OF CIVIL PROCEDURE 12(b)(6)**

16
     ARIOSA DIAGNOSTICS, INC., and      Date:   August 14, 2015
17   ROCHE MOLECULAR SYSTEMS, INC.      Time:  9:00 a.m.
                                        Courtroom:  10, 19th Floor
18             Defendants.

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on August 14, 2015, at 9:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 10 of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California, Defendant Ariosa Diagnostics, Inc. will and hereby does move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the First Amended Complaint for patent infringement filed by Plaintiff Illumina, Inc. This motion is brought on the grounds that this new lawsuit is an improper collateral attack on the Court's February 2, 2015 order staying consolidated cases 12-cv-05501-SI and 14-cv-01921-SI (the "Consolidated Litigation"), in which Illumina accuses Ariosa's Harmony™ Prenatal Test of infringing the exact same patent Illumina has again asserted here.

This motion is supported by the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action and in the Consolidated Litigation, the Declaration of Josh B. Gordon and exhibits thereto, other matters of which this Court may take judicial notice, and any further evidence and argument that may be presented at or before any hearing on this matter.

Dated:  July 7, 2015

IRELL & MANELLA LLP


By: _/s/ David I. Gindler_

Attorneys for Defendant
Ariosa Diagnostics, Inc.

1

## <u>TABLE OF CONTENTS</u>

2
<u>Page</u>

3  MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 1

4  I.      INTRODUCTION ..................................................................................................... 1

5  II.     FACTUAL AND PROCEDURAL BACKGROUND ............................................... 2

6          A.      Illumina's Two Prior Lawsuits Against Ariosa ........................................... 2

7          B.      Ongoing Parallel Proceedings Between the Parties ..................................... 3

8                  1.      Ongoing *Inter Partes* Review of the Patents-In-Suit .................. 3

9                  2.      Illumina's Motion to Dismiss and Appeal Concerning
                           Ariosa's Breach of Contract Claims ............................................. 4

10
           C.      Ariosa's Harmony™ Prenatal Test ............................................................ 5
11
           D.      The Court Stayed the Consolidated Litigation In Its Entirety ..................... 6
12
           E.      Illumina Learned About the Changes to the Harmony Test Before
13                 the Court Stayed the Consolidated Litigation ............................................. 6

14         F.      Illumina Filed a Third Lawsuit Against Ariosa, Again Accusing the
                   Harmony Test of Infringing the '794 Patent ............................................... 7
15
   III.    THIS LAWSUIT SHOULD BE DISMISSED ........................................................... 8
16
           A.      This Lawsuit Is an Improper Collateral Attack on the Court's Stay
17                 Order ........................................................................................................... 8

18         B.      Illumina Does Not Have a Defensible Explanation for Filing this
                   Lawsuit ..................................................................................................... 11
19
   IV.    IF THE LAWSUIT IS NOT DISMISSED, IT SHOULD BE
20        CONSOLIDATED AND STAYED ......................................................................... 11

21  V.     CONCLUSION ...................................................................................................... 13

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

<b><u>Page(s)</u></b>

3

<u>**Cases**</u>

4
*Adobe Sys. Inc. v. Wowza Media Sys., LLC*,
    No. 14–CV–02778–JST, 2014 WL 5454648 (N.D. Cal. Oct. 27, 2014) ........................ 10

5

*Ariosa Diagnostics v. Bd. of Trs. of the Leland Stanford Junior University*
6
    No. IPR2013-00308, 2014 WL 6617697 (P.T.A.B. Nov. 19, 2014) ............................... 3

7
*Ariosa Diagnostics v. Verinata Health, Inc.*,
    No. IPR2013-00276, 2014 WL 5454541 (P.T.A.B. Oct. 23, 2014).................................. 4

8
*Ariosa Diagnostics, Inc. v. Illumina, Inc.*
9
    No. IPR2014-01093, 2015 WL 153677 (P.T.A.B. Jan. 8, 2015) ....................................... 4

10
*Bowman v. CMG Mortgage Inc.*,
    No. C 07-03140 SI, 2008 WL 2340822 (N.D. Cal. June 5, 2008)................................... 10

11
*Glitsch, Inc. v. Koch Eng'g Co., Inc.*,
12
    216 F.3d 1382 (Fed. Cir. 2000) ........................................................................................ 9

13
*Icon-IP PTY Ltd. v. Specialized Bicycle Components, Inc.*,
    No. 13–cv–03677–JST, 2013 WL 10448869 (N.D. Cal. Oct. 22, 2013) .................... 8, 11

14
*Illumina, Inc. v. Ariosa Diagnostics, Inc.*,
15
    No. 14-1815 (Fed. Cir. June 23, 2015).............................................................................. 5

16
*Tse v. Apple, Inc.*,
    No. C 12–02653 SBA, 2013 WL 451639 (N.D. Cal. Feb. 5, 2013) ............................ 9, 12

17
*Vehicle Interface Techs., LLC v. Jaguar Land Rover North America, LLC*,
18
    No. 14-339-RGA, 2014 WL 3885939 (D. Del. Aug. 6, 2014) ........................................ 10

19
*Zhu v. UCBH Holdings, Inc.*,
    682 F. Supp. 2d 1049 (N.D. Cal. 2010) .......................................................................... 12

20

<u>**Other Authorities**</u>

21
Fed. R. Civ. P. 42(a).............................................................................................................. 9, 12
22

<u>**Rules**</u>

23
Fed. R. Evid. 201 ....................................................................................................................... 6
24
N.D. Cal. Pat. L.R. 3-6 ............................................................................................................. 10

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

For nearly three years, Illumina, Inc. ("Illumina") and its wholly-owned subsidiary Verinata Health, Inc. ("Verinata") have filed serial lawsuits against Ariosa Diagnostics, Inc. ("Ariosa") alleging that Ariosa's Harmony™ Prenatal Test (the "Harmony Test") infringes multiple patents. Included in those lawsuits, which were combined into the Consolidated Litigation before this Court, is Illumina's allegation that the Harmony Test infringes Illumina's U.S. Patent No. 7,955,794 (the "'794 patent"). On February 2, 2015, the Court granted Ariosa's motion to stay the Consolidated Litigation in its entirety pending the final resolution of the *inter partes* review of the '794 patent, as well as several related appeals concerning the other patents at issue in the Consolidated Litigation (the "Stay Order").

That stay was disturbed on May 18, 2015, when Illumina filed this new lawsuit—conduct that constitutes an improper collateral attack on the Stay Order. In the new lawsuit, and as alleged in a First Amended Complaint filed on June 10, 2015 (02216 Dkt. No. 17), Illumina has again accused Ariosa's Harmony Test—this time, the test with an upgraded detection platform—of infringing the '794 patent. Illumina has also accused Ariosa's corporate parent, Roche Molecular Systems, Inc. ("Roche"), of infringing that patent. Illumina's new lawsuit improperly seeks to circumvent the Stay Order by obtaining relief that Illumina could have sought in the Consolidated Litigation before the Stay Order was entered and that it can only seek in the Consolidated Litigation after the Stay Order is lifted. As such, Illumina's new lawsuit is an improper collateral attack on the Stay Order and should be dismissed.

Specifically, by filing a new lawsuit alleging that the upgraded Harmony Test infringes the '794 patent, Illumina effectively seeks to amend its infringement contentions in the Consolidated Litigation to include this upgrade as an accused product. But Illumina knew about that upgrade well before the Court entered the Stay Order, yet never moved to amend its infringement contentions to include it as an accused product.  Instead, Illumina has opted for the self-help remedy of filing this new lawsuit to achieve what it neglected to pursue before the Court stayed the Consolidated Litigation. This is improper: Illumina must wait until the Court lifts the Stay

1  Order if it desires to attempt to amend its infringement contentions. It cannot file another lawsuit

2  for that purpose. Indeed, Illumina's filing of this new lawsuit is contemptuous of this Court's Stay

3  Order. The Court granted Ariosa's motion to stay the Consolidated Litigation over Illumina's

4  opposition. To permit Illumina's subsequent maneuvering to insert issues into the Consolidated

5  Litigation would reward Illumina for acting in disregard of the Court's decision and would

6  effectively nullify the Stay Order.

7      Illumina's own words and deeds confirm its intent to nullify that order. For example,

8  Illumina did not explain in either its initial complaint or its First Amended Complaint why it filed

9  this new lawsuit, and in neither complaint did Illumina even acknowledge that the Court stayed

10  the Consolidated Litigation. Moreover, on the same day it filed its complaint, Illumina issued a

11  press release touting its allegations in this new case—again without acknowledging that its

12  existing claims against Ariosa are stayed. Without a cogent reason for filing a purportedly new

13  case on the same patent, therefore, Illumina has attempted to leverage its new lawsuit to

14  communicate to the financial markets and the prenatal testing industry in general that its fight

15  against Ariosa continues *despite* the Stay Order—this time through an allegation that the *upgraded*

16  Harmony Test allegedly infringes the '794 patent.

17      Rather than wait for the Court to lift the Stay Order, Illumina thus seeks through this

18  lawsuit to add an accused product, add a party, and litigate in the press to exert perceived pressure

19  on Ariosa through yet more threats of litigation, damages, and injunctive relief—all based on a

20  patent already in suit between Illumina and Ariosa.  Illumina's attack on the Stay Order cannot

21  stand. This lawsuit should be dismissed.

22  **II.      FACTUAL AND PROCEDURAL BACKGROUND**

23      **A.      Illumina's Two Prior Lawsuits Against Ariosa**

24      This is the third lawsuit that Illumina (or Verinata, a company that Illumina acquired in

25  January 2013) has filed accusing Ariosa's Harmony Test of patent infringement. *First*, on October

26  25, 2012, Verinata accused that test of infringing U.S. Patent No. 8,296,076 (the "'076 patent"),

27  which Verinata licenses from Stanford University. That lawsuit was assigned to this Court as Case

28

1    No. 3:12-cv-05501 (the "Verinata Case").[1] 05501 Dkt. No. 1.[2] Verinata subsequently amended its

2    complaint on November 29, 2012, to add an allegation of infringement of U.S. Patent No.

3    8,318,430 (the "'430 patent"). Dkt. No. 22.

4        *Second*, on April 25, 2014, Illumina filed another lawsuit that again accused Ariosa's

5    Harmony Test of patent infringement, this time of Illumina's own '794 patent (collectively with

6    the '076 and '430 patents, the "patents-in-suit"). 01921 Dkt. No. 1. Due to the clear overlap

7    among the parties, facts, and legal issues, Ariosa moved to relate and consolidate the Verinata

8    Case and the Illumina Case (together, the "Consolidated Litigation"). 05501 Dkt. Nos. 131-32.

9    The Court granted that relief over Illumina's opposition and adjusted the schedule accordingly,

10   setting trial for July 2015. 01921 Dkt. No. 25. Pursuant to that schedule, Ariosa and Illumina (by

11   that time Illumina had subsumed Verinata into its "Reproductive and Genetic Health" business

12   unit) engaged in discovery, completed claim construction on the '794 patent, and prepared for

13   trial. Until the Court stayed the Consolidated Litigation, *see* Part II.D., *infra*, Illumina actively

14   prosecuted its claims that Ariosa's Harmony Test infringed the patents-in-suit, including the '794

15   patent.

16       **B.    Ongoing Parallel Proceedings Between the Parties**

17           1.    Ongoing *Inter Partes* Review of the Patents-In-Suit

18       While the Verinata Case was pending in May 2013, Ariosa petitioned for *inter partes*

19   review ("IPR") of the '076 and '430 patents. Dkt. No. 103-1 (Gindler Decl.), Exs. 10-12. The

20   Patent Trial and Appeal Board ("PTAB") instituted both IPRs and, in late 2014, issued final

21   written decisions on each patent. With respect to the '076 patent, the PTAB invalidated all of the

22   challenged claims. *See Ariosa Diagnostics v. Bd. of Trs. of the Leland Stanford Junior University*,

23

24       [1] Illumina agreed to acquire Verinata approximately two months after the filing of the
     Verinata Case.  Verinata informed the Court of this acquisition on March 25, 2013, when it filed
25   an updated disclosure under Fed. R. Civ. P. 7.1 indicating that it had become a wholly-owned
     subsidiary of Illumina. 05501 Dkt. No. 45.

26       [2] All docket citations are to Case No 12-cv-05501 except for (i) citations to *Illumina, Inc.
27   v. Ariosa Diagnostics, Inc*., Case No. 14-cv-01921 (the "Illumina Case"), before the cases were
     consolidated in June 2014, for which Ariosa cites "01921 Dkt.," and (ii) citations to the docket in
28   this new lawsuit, which are cited as "02216 Dkt. No."

No. IPR2013-00308, 2014 WL 6617697 (P.T.A.B. Nov. 19, 2014). With respect to the '430 patent, the PTAB concluded that Ariosa had not proven by a preponderance of evidence that the challenged claims were unpatentable under 35 U.S.C. § 103. *See Ariosa Diagnostics v. Verinata Health, Inc.*, No. IPR2013-00276, 2014 WL 5454541 (P.T.A.B. Oct. 23, 2014). Both of these PTAB decisions are currently on appeal to the Federal Circuit. *See* Dkt. No. 229 at 2.

In July 2014, after Illumina first asserted the '794 patent against it, Ariosa petitioned for *inter partes* review of that patent. On January 8, 2015, the PTAB instituted that review after determining that Ariosa had "shown a reasonable likelihood that it would prevail in showing" that each of the patent's 22 claims is unpatentable. *See Ariosa Diagnostics, Inc. v. Illumina, Inc.*, No. IPR2014-01093, 2015 WL 153677 (P.T.A.B. Jan. 8, 2015). In April 2015, Roche filed a separate petition for *inter partes* review of the '794 patent on different grounds. *See Roche Molecular Systems, Inc. v. Illumina, Inc.*, No. IPR2015-01091 (P.T.A.B. Apr. 24, 2015). An institution decision in this separate IPR is expected by October 2015.

<blockquote>2.   Illumina's Motion to Dismiss and Appeal Concerning Ariosa's Breach of Contract Claims</blockquote>

On June 11, 2014, Ariosa filed a First Amended Answer and Counterclaims in response to Illumina's April 2014 complaint for infringement of the '794 patent. 01921 Dkt. No. 26-4. Ariosa contended that it held a license to the '794 patent under a January 2012 Sale and Supply Agreement between Ariosa and Illumina (the "Agreement"), and thus Illumina breached that agreement, as well as the implied covenant of good faith and fair dealing, by suing Ariosa for allegedly infringing that patent. *Id.* at 10-13, 21-23. Illumina moved to dismiss Ariosa's counterclaims on June 30, 2014, including on the grounds that, if Ariosa desired to pursue them, Ariosa could do so only through arbitration because they did not "relate to issues of scope, infringement, validity, and/or enforceability of any" Illumina intellectual property—disputes that are exempted from the arbitration provision in the Agreement. *E.g.*, 01921 Dkt. No. 31 at 2. In August 2014, the Court denied Illumina's motion to dismiss, concluding that Ariosa's

counterclaims "unambiguously relate to issues of patent infringement." 01921 Dkt. 40 at 6.[3] Illumina appealed that order to the Federal Circuit. 01921 Dkt. No. 56.

The Federal Circuit heard oral argument on Friday, June 5, 2015.  On June 23, 2015, after requesting additional briefing on jurisdictional questions and in order to "resolve uncertainty affecting" its jurisdiction to hear Illumina's appeal, the Federal Circuit remanded the case to this Court "to afford [Illumina] the opportunity to move to compel arbitration," as opposed to moving to dismiss, as Illumina had done in June 2014.  *Illumina, Inc. v. Ariosa Diagnostics, Inc.*, No. 14-1815 (Fed. Cir. June 23, 2015), ECF No. 57.

### C.    Ariosa's Harmony™ Prenatal Test

The accused product in the Consolidated Litigation is Ariosa's proprietary Harmony Test, which evaluates fetal cell-free DNA found in maternal blood to assess the risk of Down syndrome and other genetic abnormalities. *See* 02216 Dkt. No 17, Ex. D.  For several years, Ariosa operated the Harmony Test using gene sequencing machines and chemical reagents sold by Illumina. Ariosa purchased those machines and reagents pursuant to its 2012 Agreement with Illumina.

In 2014, however, Ariosa accelerated its research and development efforts into an alternative platform on which to operate the Harmony Test, in part because Illumina had alleged pretextual claims of breach of the Agreement by Ariosa, 01921 Dkt. No. 35-3 at 1, and then in fact sued Ariosa, a long-time customer, for infringing the '794 patent. Those efforts culminated in changes to the detection platform of the Harmony Test utilizing microarray technology, and an October 2014 agreement with Affymetrix, Inc. to purchase "arrays and instruments to be utilized as part of" the Harmony Test. 02216 Dkt. No 17, Ex. X.  Ariosa has utilized the upgraded detection platform in the Harmony Test commercially since at least January 2015.

---

[3] The Court dismissed "without prejudice Ariosa's counterclaims for breach of contract and breach of the covenant of good faith and fair dealing to the extent that the claims seek damages." 01921 Dkt. No. 40 at 7. Ariosa amended its claims on September 2, 2014, to provide the required specificity for its damages claims. Illumina abandoned any further challenge to the sufficiency of Ariosa's pleading and filed an answer to the amended claims on September 19, 2014.  01921 Dkt. No. 67.

### D.     The Court Stayed the Consolidated Litigation In Its Entirety

Given that each of the three patents-in-suit was on appeal to the Federal Circuit ('076 and '430) or was before the PTAB ('794), and because Illumina had also appealed this Court's order denying Illumina's motion to dismiss Ariosa's contract claims based on the arbitration provision in the Agreement, Ariosa filed a motion to stay the Consolidated Litigation in December 2014. Dkt. No. 207.  Illumina opposed that motion. Dkt. No. 217.

On February 2, 2015, the Court granted Ariosa's motion, staying the Consolidated Litigation "in its entirety pending the final exhaustion of the *inter partes* review proceedings to which the '794 Patent is subject, the Federal Circuit appeals from *inter partes* review to which the '430 and '076 Patents are subject, and the appeal from the Court's order finding that it has subject matter jurisdiction to hear Ariosa's breach counterclaims." Dkt. No. 229 at 9. Specifically, the Court agreed with Ariosa that the various IPR proceedings and Federal Circuit appeals were likely to simplify the matters at issue before the Court and held that those parallel proceedings had "rendered the outcome of [the Consolidated Litigation] increasingly susceptible to the ultimate disposition of matters" by the PTAB or the Federal Circuit. *Id*. at 7. The Court also agreed with Ariosa that a stay would not unduly prejudice Plaintiffs, particularly because Verinata, through its acquisition by Illumina, had "shifted from a strategy of market share maximization, to a strategy which prioritizes licensing its product to certified laboratories and healthcare providers." *Id*. at 8.

### E.     Illumina Learned About the Changes to the Harmony Test Before the Court Stayed the Consolidated Litigation

Before the stay, Illumina sought and obtained discovery information about changes to the Harmony Test. For example, Illumina's counsel asked questions about the changes to the Harmony Test during depositions of Ariosa witnesses, including Arnold Oliphant, Ariosa's Chief Scientific Officer. Gordon Decl., Ex. 1.[4] Plaintiffs also served document requests and

---

[4] Ariosa respectfully requests that the Court take judicial notice of Exhibits 1-4 to the concurrently filed Declaration of Josh B. Gordon, each of which reflects information that is "not subject to reasonable dispute" because it is either "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b)(2). Ariosa does not request that the Court take judicial notice of the truth of the matters asserted in these Exhibits, but only the fact that Illumina sought and received certain

interrogatories specifically asking for information about the changes to the Harmony Test. *Id.*, Exs. 2 & 3. Ariosa's response to those requests included numerous technical documents, such as detailed operating procedures for the upgraded test and the *Juneau* article cited by Illumina in its June 10, 2015 First Amended Complaint in this action. Several such discovery requests, including interrogatories asking Ariosa to describe in detail aspects of the upgraded Harmony Test, were pending when the Court stayed the Consolidated Litigation on February 2, 2015. *Id.*, Ex. 3. Accordingly, Illumina (and/or its counsel) was in possession of information regarding changes to the commercial Harmony Test before the Court stayed the Consolidated Litigation. Nonetheless, Illumina did not ask Ariosa to consent to Illumina's amending its infringement contentions to include the upgraded version. Nor did Illumina ask the Court for leave to do so.

### F.    Illumina Filed a Third Lawsuit Against Ariosa, Again Accusing the Harmony Test of Infringing the '794 Patent

On May 18, 2015, over three months after the Court stayed the Consolidated Litigation in its entirety, Illumina filed this new lawsuit. 02216 Dkt. No. 1. Illumina then filed an amended complaint in this new lawsuit on June 10, 2015. 02216 Dkt. No. 17 ("Amended Complaint").[5] In this lawsuit, Illumina again accuses Ariosa's Harmony Test of infringing the '794 patent—the same patent it asserted against the Harmony Test in the Consolidated Litigation. Amended Complaint, ¶¶ 64-75.

Illumina's Amended Complaint makes no attempt to hide this fact, specifically alleging that on "April 25, 2014, Illumina filed a complaint in this district alleging that Ariosa's Harmony™ Prenatal Test infringed the '794 patent." *Id.*, ¶ 13. Moreover, Illumina's Amended Complaint references publications and technical information on which that April 2014 lawsuit was ostensibly based, *id.* at ¶ 12, and which Illumina and/or its counsel learned about in the course of the Consolidated Litigation before it was stayed. *See id.* at ¶¶ 14-29, 43-63.

---

discovery prior to February 2, 2015 (Exs. 1-3) and that Illumina issued a press release in conjunction with its May 18, 2015 complaint in this matter (Ex. 4).

   [5] The same team of lawyers from Weil, Gotshal & Manges LLP that represents Verinata and Illumina in the Consolidated Litigation also represents Illumina in this new lawsuit. *Compare* 05501 Dkt. No 1 *with* 09121 Dkt. No. 1 *with* 02216 Dkt. Nos. 1 & 17.

1    As it did in the Consolidated Litigation, Illumina again seeks monetary damages and

2    injunctive relief to remedy Ariosa's alleged infringement of the '794 patent. *Id*. at ¶¶ 68-69, 74-75;

3    Prayer for Relief.

4         Moreover, just as it did in conjunction with its April 2014 lawsuit against Ariosa, Illumina

5    issued a press release touting its "new patent infringement suit against Ariosa Diagnostics, Inc.

6    and its parent company, Roche Molecular Systems, Inc." Gordon Decl., Ex. 4. Illumina further

7    stated in that press release that the new lawsuit "is based on Ariosa's infringement of U.S. Patent

8    No. 7,955,794 (the '794 patent), entitled 'Multiplex Nucleic Acid Reactions.' The suit is focused

9    on Ariosa's Microarray-based version of its Harmony™ Prenatal Test." *Id*. Illumina stated that it

10   "is seeking all available remedies" in the lawsuit." *Id*.  Illumina's press release did not

11   acknowledge the Court's Stay Order, but instead indicated that the Consolidated Litigation

12   "remain[ed] pending." *Id*.

13        Illumina eventually filed the required papers to relate this new lawsuit to the stayed

14   Consolidated Litigation. Dkt. No. 245.  The Court ordered the cases related on June 2, 2015.

15   02216 Dkt. No. 16. Illumina has not filed any papers with the Court to consolidate this new

16   lawsuit with the Consolidated Litigation or to stay this case in light of the Stay Order.

17   **III.    THIS LAWSUIT SHOULD BE DISMISSED**

18         **A.    This Lawsuit Is an Improper Collateral Attack on the Court's Stay Order**

19        Illumina's new lawsuit is a transparent attempt to circumvent the Court's order staying the

20   Consolidated Litigation. If Illumina desires to amend its infringement contentions to accuse the

21   upgraded Harmony Test in the Consolidated Litigation, then Illumina needs to wait until the Court

22   lifts the Stay Order so that Ariosa can respond to Illumina's request and the Court can properly

23   consider that request. Illumina cannot use this new lawsuit to achieve this end in defiance of the

24   Stay Order. That is an improper collateral attack on the Stay Order—and it warrants the immediate

25   dismissal of this lawsuit.

26        A motion to dismiss should be granted under the collateral attack doctrine when a new

27   lawsuit is filed to circumvent an existing court order and where that order would be negated if the

28   new lawsuit were allowed to proceed. *See Icon-IP PTY Ltd. v. Specialized Bicycle Components,*

1    *Inc*., No. 13–cv–03677–JST, 2013 WL 10448869, at *2 (N.D. Cal. Oct. 22, 2013); *see generally*

2    *Glitsch, Inc. v. Koch Eng'g Co., Inc*., 216 F.3d 1382, 1384 (Fed. Cir. 2000) (affirming dismissal

3    "on the ground that Glitsch was not entitled to use a declaratory judgment action to collaterally

4    attack the district court's order in the first action denying Glitsch's motion to amend its answer").

5            In *Icon*, the parties were engaged in patent litigation concerning the manufacture, sale, and

6    offer for sale of various bicycle seats. *Icon,* 2013 WL 10448869, at *1. The plaintiff had accused

7    numerous seat models of infringing two patents and, nearly a year into the litigation, sought leave

8    to amend its infringement contentions to accuse 53 "new models." *Id*. The court granted leave to

9    amend with respect to four of those 53 new models, but denied leave to amend with respect to the

10   remaining 49 models because plaintiff had not demonstrated that it was diligent in moving for

11   leave to amend its contentions. *Id*. A few months after that order, the plaintiff filed a new lawsuit

12   accusing those same 49 models of infringing the same patents at issue in the first action. *Id*.

13           The defendant moved to dismiss, including on the grounds that the second lawsuit

14   represented "a collateral attack on the Court's order" denying leave to amend. *Id*. at *2. In

15   granting the motion, the *Icon* court reasoned that if the second lawsuit were allowed to proceed,

16   "the Court would have to consolidate that action with" the prior action "in the interest of judicial

17   economy, as both actions involve the same patents and the same accused conduct. . . . If

18   consolidation occurred, then the Court's order excluding the products at issue" from the prior

19   action "would be negated, and essentially reversed." *Id*. at *2. The court declined to allow the

20   plaintiff to negate that order and dismissed the second action. *Id*. at *4.

21           The same logic applies here. Despite knowing about the changes to the Harmony Test

22   before the Court stayed the Consolidated Litigation, Illumina made no effort to amend its

23   infringement contentions to accuse the upgraded version. Illumina could have made that request in

24   the Consolidated Litigation before it was stayed, but did not do so. Illumina's new lawsuit is thus

25   improper for several reasons.

26           First, as in *Icon*, unless Illumina's new lawsuit is dismissed, it must be consolidated with

27   the existing Consolidated Litigation. *See* Fed. R. Civ. P. 42(a); *see also Tse v. Apple, Inc*., No. C

28   12–02653 SBA, 2013 WL 451639, at *3 (N.D. Cal. Feb. 5, 2013) (consolidating cases that

"involve[d] the [same] patent, the same Plaintiff, one of the same Defendants . . ., and the same accused technology"). Yet if the new lawsuit is consolidated with the Consolidated Litigation, the Court's order staying the Consolidated Litigation *will be negated*—Illumina will have effectively amended its infringement contentions in that litigation, notwithstanding the Court's determination (over Illumina's objection) to stay all activity in the Consolidated Litigation pending the outcome of related proceedings. *Cf. Vehicle Interface Techs*., *LLC v. Jaguar Land Rover North America, LLC*, No. 14-339-RGA, 2014 WL 3885939, at *3 (D. Del. Aug. 6, 2014) (noting that "the significance of the *Icon* court's holding is the nullifying effect that the second claim would have had on its previous order").

Second, Illumina will have deprived Ariosa of the opportunity to address whether, and under what conditions, Illumina should be permitted to amend its infringement contentions, a request that would require Illumina to show good cause for the amendment. *See, e.g*., N.D. Cal. Pat. L.R. 3-6 ("Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause."). By simply initiating a new lawsuit instead of making the appropriate motion once the stay has been lifted, Illumina has attempted to circumvent its obligation under this Court's Local Rules and to prevent Ariosa from having any say in the matter. That is fundamentally improper, *particularly when* Illumina was aware of the upgraded Harmony Test before the Court stayed the Consolidated Litigation, but made no effort to pursue any amendment. *See Adobe Sys. Inc. v. Wowza Media Sys., LLC*, No. 14–CV–02778–JST, 2014 WL 5454648, at *4 (N.D. Cal. Oct. 27, 2014) (acknowledging that equities favor dismissal where party possessed information used in second lawsuit at the time of the circumvented order in first lawsuit). At this point, Illumina must abide by the Stay Order and pursue any proposed amendments only when the Court has lifted the Stay Order.[6]

---

[6] The same is true of Illumina's attempt to add Roche as a defendant, which would require Illumina to demonstrate that "factors such as undue delay, bad faith or dilatory motive on [its part], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, or futility of amendment are not present." *Bowman v. CMG Mortgage Inc*., No. C 07-03140 SI, 2008 WL 2340822, at *2 (N.D. Cal. June 5, 2008) (Illston, J.) (internal quotation marks omitted).

Third, Illumina's new lawsuit undermines one of the bases for the Court's entry of the Stay Order—to halt all litigation over the '794 patent until the IPR proceedings concerning that patent have been fully completed, including all appeals to the Federal Circuit. With the filing of this new lawsuit, both Ariosa and Roche have nonetheless been forced to expend time and money to ask this Court to return the parties to the *status quo ante*. Illumina has thus deprived Ariosa of the very protections that the Stay Order was intended to provide—a harm that would be perpetuated unless this lawsuit is immediately dismissed.

### B.      Illumina Does Not Have a Defensible Explanation for Filing this Lawsuit

Illumina does not explain why it felt compelled to file yet another case accusing Ariosa's Harmony Test of infringing the '794 patent when the Court had stayed the Consolidated Litigation that also includes those same allegations. There is no defensible explanation: Had Illumina truly believed that it needed to specifically accuse the upgraded Harmony Test of infringement, it could have either sought leave to amend its infringement contentions before the Court stayed the Consolidated Litigation or waited to try to do so until after the Court lifted the stay. If successful, either would have achieved the same result. And if unsuccessful, Illumina's new lawsuit would be all the more improper given the ultimate lack of merit to Illumina's amendment. *See Icon*, WL 10448869, at *1-3.

Instead, the only plausible explanation is that Illumina desires (i) to litigate in the press because it cannot litigate the Consolidated Litigation during the stay and (ii) to continue to exert *any* possible pressure on Ariosa and Roche in the marketplace by hanging yet another perceived threat over the Harmony Test. *See* Gordon Decl., Ex. 4. But whatever marketplace benefit Illumina thinks it has obtained through its collateral attack on the Stay Order, Illumina's attempt to exert pressure through this additional lawsuit is not a defensible explanation for its actions and does not warrant negating the Stay Order.

### IV.    IF THE LAWSUIT IS NOT DISMISSED, IT SHOULD BE CONSOLIDATED AND STAYED

Illumina's new lawsuit should be dismissed as an improper attempt to evade this Court's Stay Order. As discussed above, if the Court were simply to consolidate this new lawsuit with the

1   pending Consolidated Litigation, then Illumina would be rewarded for circumventing the Stay

2   Order. That would be a perverse outcome. The appropriate remedy is for the Court to dismiss this

3   new lawsuit.

4        However, should the Court decline to dismiss the new lawsuit, in *no event* should the new

5   lawsuit proceed as a separate litigation or proceed while the Consolidated Litigation is stayed.

6   First, pursuant to Federal Rule of Civil Procedure 42(a)(2), the Court may consolidate two actions

7   if they involve a common question of law or fact. Here, if the Court does not dismiss Illumina's

8   new lawsuit, consolidation would be appropriate with the already Consolidated Litigation under

9   Rule 42(a) because Illumina's new Complaint involves "the [same] patent, the same Plaintiff, one

10  of the same Defendants, and the same accused technology," albeit on an upgraded platform. *See*

11  *Tse*, 2013 WL 451639, at *3. In determining whether to consolidate the cases, the Court should

12  "weigh the interest of judicial convenience against the potential for delay, confusion, and

13  prejudice." *Zhu v. UCBH Holdings, Inc*., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010). Here,

14  given the significant legal and factual overlap—which the Court recognized when it consolidated

15  Illumina's *first* lawsuit asserting the '794 patent against Ariosa with the Verinata Case—

16  consolidation with the already Consolidated Litigation is warranted if the Court does not dismiss

17  this action.

18       Second, if the Court declines to dismiss Illumina's new lawsuit, then that case should be

19  stayed consistent with and pursuant to the Stay Order. *See Tse*, 2013 WL 451639, at *3

20  (consolidation with stayed case resulted in stay). For the reasons argued by Ariosa in its motion to

21  stay (Dkt. No. 207) and as adopted by the Court in its Stay Order (Dkt. No. 229)—including that

22  the '794 patent is currently in IPR proceedings—staying Illumina's new lawsuit would simplify

23  the issues before the Court and Illumina would not suffer undue prejudice on account of that stay.

24  Dkt. No. 229 at 4-9. In addition, the Court's Stay Order would be further undermined were

25  Illumina permitted to actually litigate its new claim that the upgraded Harmony Test infringes the

26  '794 patent while the parties' other disputes, which include Illumina's *existing allegation* that the

27  Harmony Test infringes that same patent, remain stayed.

28

**V.  CONCLUSION**

For the foregoing reasons, Illumina's new lawsuit should be dismissed. If the Court determines that dismissal is not warranted, Ariosa respectfully requests that this lawsuit be consolidated with the Consolidated Litigation and stayed pursuant to the terms of the Court's February 2, 2015 Stay Order.


Dated:  July 7, 2015                                   IRELL & MANELLA LLP


                                                      By: */s/ David I. Gindler*

                                                      Attorneys for Defendant
                                                      Ariosa Diagnostics, Inc.